UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JESUS LOPEZ, | No. SACV 11-1207 SVW (FFM) |
| Petitioner, | ORDER DENYING APPLICATION FOR ENLARGEMENT OF TIME FOR LACK OF JURISDICTION |
| v. | |
| G. D. LEWIS, Warden, | |
| Respondent. | |

Jesus Lopez ("Petitioner"), a California state prisoner proceeding *pro se*, apparently wishes to challenge his state court conviction by seeking federal habeas relief. Rather than filing a petition for writ of habeas corpus, Petitioner filed a document in which he states that he wishes to receive a 90 day extension of time to seek federal habeas relief ("Application"). By the Application, Petitioner apparently seeks an extension of the one-year limitations period, under 28 U.S.C. § 2244(d)(1), for filing a federal habeas petition. After reviewing the Application, the Court has determined that the relief requested cannot be granted.

Under the "case or controversy" requirement of Article III, Section 2 of the United States Constitution, federal courts may not issue advisory opinions. *See Princeton University v. Schmid*, 455 U.S. 100, 102, 102 S. Ct. 867, 869 (1982). As Petitioner has not actually filed a federal habeas petition challenging his conviction and/or sentence, there is no case or controversy before the Court, and

he essentially seeks an advisory opinion. *See Calderon v. Ashmus*, 523 U.S. 740, 746, 118 S. Ct. 1694, 140 L. Ed. 2d 970 (1998) (actual "controversy" in 28 U.S.C. § 2254 action is whether petitioner is entitled to have the conviction or sentence imposed by the state court set aside).

By the Application, Petitioner asks the Court to decide prospectively whether his habeas petition will be time-barred when filed at some unspecified future date, without any adverse parties before it and without any information on which to base any conclusion that such a filing properly will fall within the one-year limitations period, even as extended. The Court cannot grant Petitioner the prospective relief he seeks without offending the case or controversy requirement of the Constitution.

The Court notes further that, even if it had jurisdiction to consider the relief requested, Petitioner has not shown any entitlement to such relief. Although not expressly stated in the Application, it may be that Petitioner seeks an order that he will be entitled to equitable tolling of his limitations period should he seek federal habeas relief in the future through a petition which is untimely under Section 2244(d)(1). The one-year statute of limitations set forth in Section 2244(d)(1) may be subject to equitable tolling "if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District*

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

2

*Court (Kelly V)*, 163 F.3d 530, 540 (9th Cir. 1998).[1]  However, the Ninth Circuit noted in *Beeler* that "equitable tolling will not be available in most cases." *Id*. Petitioner has not yet established any "extraordinary circumstances" beyond his control which have prevented him from timely filing a habeas petition, and it would be inappropriate for this Court to render any ruling on the equitable tolling question based on the inadequate record before it.

Should Petitioner hereafter file a habeas petition and should the respondent raise the one-year limitations period as a bar to relief, Petitioner may then make an equitable tolling argument.  At that point, the Court may consider whether the Section 2244(d)(1) limitations period can be tolled.

Based upon the foregoing, **IT IS ORDERED** that the Application is **DENIED** and that Judgment be entered dismissing this action without prejudice for lack of jurisdiction.

---

[1] *Beeler* involved a request for extension of time to file a habeas petition made in advance of the filing of the petition, but is inapposite. *Beeler* was a death penalty habeas case, in which the petitioner's filed request for appointment of counsel (and stay of execution) must be deemed to constitute the commencement of the habeas action. *See McFarland v. Scott*, 512 U.S. 849, 114 S.Ct. 2568, 129 L. Ed. 2d 666 (1994).  Here, Sajor-Reeder's Application -- which is bereft of any information pertaining to her conviction or possible federal habeas claims -- cannot be deemed to constitute a petition for writ of habeas corpus which would commence a habeas action. *See* Rule 2(a) and (c) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (application for writ of habeas corpus shall be in the form of a petition which specifies each ground for relief which is available to the petitioner and the factual basis for each ground for relief).

1     **IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and
2 the Judgment herein on Petitioner.
3     **LET JUDGMENT BE ENTERED ACCORDINGLY.**

5 DATED: October 4, 2011

7                                                 STEPHEN V. WILSON
                                                United States District Judge

8 Presented by:

10 /S/ FREDERICK F. MUMM
    FREDERICK F. MUMM
11 United States Magistrate Judge